(No. 20990.

MATHEW VALERIUS, Defendant in Error, *vs.* R. J. PERRY *et al.* Plaintiffs in Error.

*Opinion filed December 17, 1931—Rehearing denied Feb. 4, 1932.*

FERDINAND TUNNELL, for plaintiffs in error.

Mr. JUSTICE JONES delivered the opinion of the court:

A judgment by confession on *narr* and *cognovit* was entered August 26, 1929, in the county court of Madison county, in favor of plaintiff, Mathew Valerius, and against Isaac Wagoner, R. J. Perry and Harriet E. Perry for $277 and costs. On September 26, 1929, R. J. Perry and Harriet E. Perry filed a motion to vacate the judgment and for leave to plead. The motion was supported by an affidavit of R. J. Perry stating he and Harriet E. Perry are husband and wife; that they signed the note sued on in the capacity of sureties, only; that he had been told by plaintiff that the principal maker had paid the note some five or six years prior to August 20, 1925, the date of said conversation; that affiant gave to plaintiff a statement in writing on August 21, 1925, requesting plaintiff to look to the principal maker for payment of the note; that said statement set forth that the maker was at that time worth "the

sum of thousand dollars" over and above his lawful exemptions, and that when the judgment on the note was entered he "had met with reverse and difficulties which had reduced and taken away his property." The motion to vacate the judgment was allowed and defendants ordered to plead by January 25, 1930. The cause came on for trial at the February term, 1930. The parties appeared in person and by their respective attorneys. Evidence was heard before a jury and a directed verdict in favor of plaintiff was returned. A motion by defendants to set aside the verdict was denied and judgment was entered on the verdict as above set forth. Defendants R. J. Perry and Harriet E. Perry sued out a writ of error from the Appellate Court for the Fourth District, which held that no sufficient demand had been made upon the holder of the note to bring suit against the principal maker, and the judgment was affirmed. A writ of error was sued out of this court to review the judgment of the Appellate Court.

Section 121 of the Practice act provides that judgments of the Appellate Courts shall be final unless a majority of the judges of the Appellate Court which rendered the judgment shall certify to the Supreme Court that the case involves a question of such importance, either on account of principal or collateral interests, that it should be passed upon by the Supreme Court, except, however, that in actions *ex contractu* (exclusive of actions involving a penalty) and in all cases sounding in damages where the judgment for plaintiff, exclusive of costs, shall be more than $1500, the cause may be reviewed by the Supreme Court on *certiorari.* This is an action *ex contractu* and the judgment is for an amount less than $1500. No certificate of importance was allowed by the Appellate Court and no *certiorari* was awarded in this court. Therefore the judgment of the Appellate Court is final and cannot be reviewed here. The writ of error is accordingly dismissed.

*Writ dismissed.*